UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CR. NO. 3:25-CR- 181 |
| | : | |
| v. | : | |
| | : | (Judge Munley   ) |
| CHRISTEN LEE COSGROVE and | : | |
| BRIAN COSGROVE, | : | |
| | : | |
| Defendants. | : | |

## I N D I C T M E N T

FILED
SCRANTON

JUL 08 2025

PER___JKC___
DEPUTY CLERK

THE GRAND JURY CHARGES:

## COUNT ONE
18 U.S.C. § 1349
(Bank Fraud Conspiracy)

### I.   Introduction

At all times material to this Indictment,

1.   The defendants, CHRISTEN LEE COSGROVE and BRIAN COSGROVE were husband and wife.

2.   D.S.D. was the father of CHRISTEN LEE COSGROVE.

3.   N.D. was the mother of D.S.D. and is the grandmother of CHRISTEN LEE COSGROVE.

4.   On or about October 19, 2022, D.S.D. died after being diagnosed with cancer.

5.    At the time of his death, D.S.D.'s assets included but were not limited to the following:

| Asset | Approximate Value | Primary Beneficiary |
|---|---|---|
| Edward Jones- Roth IRA | $48,939 | N.D. |
| Edward Jones- Traditional IRA | $68,992 | N.D. |
| Edward Jones- Individual Account | $182,078 | N.D. |
| Lincoln Financial Group- Annuity | $196,521 | N.D. |
| Athene Annuity and Life Company- IRA | $18,498 | Estate of D.S.D. |
| Bankers Life Annuity | $85,051 | Estate of D.S.D. |
| Bankers Life Annuity | $220,319 | Estate of D.S.D. |
| Community Bank Checking | $42,213 | Joint account with N.D. |
| Community Bank Checking | $177,402 | Joint account with N.D. |
| 2016 Nissan Rogue | | Estate of D.S.D. |
| 1970 Chevrolet Chevelle SS | | Estate of D.S.D. |

6.    Upon the death of D.S.D., N.D., was the sole beneficiary of D.S.D.'s estate.

7.    CHRISTEN LEE COSGROVE was the named executrix of D.S.D.'s estate.

2

8.    On or about November 1, 2022, N.D., CHRISTEN LEE COSGROVE and BRIAN COSGROVE met with staff at Providence Place, a Senior Living Facility located in Drums, Luzerne County, Pennsylvania, at which N.D. planned to reside in after the death of her son, D.S.D..  N.D. was 93 years old at that time.

9.    On or about November 18, 2022, N.D. moved into Providence Place.

10.    By in or about October 2023, N.D. was in arrears and facing eviction at Providence Place because CHRISTEN LEE COSGROVE failed to make the required monthly payments for her care.

II.    Objects of the Conspiracy

11.    The objects of the conspiracy were for defendant CHRISTEN LEE COSGROVE to obtain control over all of N.D.'s assets and all assets associated with the Estate of D.S.D., including those in the custody and control of financial institutions, by fraudulently representing that CHRISTEN LEE COSGROVE would act in the best interest of N.D., in order to use said assets for the personal benefit of

herself and BRIAN COSGROVE and to fund the personal expenses of herself and BRIAN COSGROVE.

### III.   Statutory Allegations

12.     From in or about October 2022, the exact date being unknown to the Grand Jury, and continuing thereafter until in or about May 30, 2024, in Luzerne County and within the Middle District of Pennsylvania and elsewhere, the defendants,

**CHRISTEN LEE COSGROVE AND BRIAN COSGROVE,**

knowingly and willfully conspired, combined, confederated, and agreed together, to knowingly execute a scheme and artifice to obtain money, funds or other property owned by or under the control of Community Bank and Edward Jones by means of materially false or fraudulent pretenses, representations or promises, in violation of Title 18, United States Code, Section 1344(2).

### IV.   Manner and Means

The objects of the conspiracy were accomplished, in part, by the following manner and means:

13.    The coconspirators agreed to use the money and assets and did use the money and assets that were in the Estate of D.S.D. and directed to N.D. for their own benefit and their personal expenses rather than for the benefit of N.D..

14.    The coconspirators agreed to use N.D.'s money and assets and did use N.D.'s money and assets for their own benefit and personal expenses rather than for the benefit of N.D..

15.    On or about October 28, 2022, CHRISTEN LEE COSGROVE obtained the General Durable Power of Attorney for N.D. and agreed to act in N.D.'s best interest, act in good faith, act only within the scope of the authority granted to her by N.D. in the power of attorney, and to keep the assets of N.D. separate from her assets.

16.    Further, on or about November 1, 2022, CHRISTEN LEE COSGROVE and N.D. signed a Statement of Financial Assets at Providence Place which stated that N.D. had $164,000 in savings, received social security benefits, and would be receiving money from her son to pay for her care at Providence Place.

17.    On or about November 4, 2022, CHRISTEN LEE COSGROVE drove N.D. to Community Bank in Hazle Township and CHRISTEN LEE COSGROVE was added to N.D.'s bank accounts ending in 0530 and 0743.

18.    On or about November 9, 2022, CHRISTEN LEE COSGROVE and BRIAN COSGROVE met with a representative at Banker's Life Securities, located in Wilkes-Barre, Luzerne County, Pennsylvania, to discuss D.S.D.'s accounts and stated their interest in withdrawing all of the money in the accounts, against advice by the financial advisor.

19.    During the meeting at Banker's Life Securities, BRIAN COSGROVE expressed his intent to use the money from D.S.D.'s accounts for his own personal benefit.

20.    On or about December 6, 2022, CHRISTEN LEE COSGROVE and BRIAN COSGROVE brought N.D. to the Edward Jones office, Hazle Township, Luzerne County, where N.D. disclaimed three Edward Jones accounts owned by D.S.D. in which she was the primary beneficiary, leaving CHRISTEN LEE COSGROVE, as contingent beneficiary, with full possession of the assets in the accounts.

21.     During the course of the conspiracy, CHRISTEN LEE
COSGROVE and BRIAN COSGROVE used the money intended for the
care and benefit of N.D., and in violation of the terms of the Power of
Attorney that CHRISTEN LEE COSGROVE had signed, for their own
daily personal expenses, including but not limited to the purchase of
real estate and property, vacations, recreational activities, automobile
loans, construction materials, food, beverages, entertainment, animal
care, utility bills, charitable donations and personal and business debts
accrued prior to the start of the conspiracy. All of these personal
expenditures were executed using authority over accounts obtained
through false statements and misrepresentations.  For example:

    A. On or about November 19, 2022, BRIAN COSGROVE wrote a
check from Community Bank account ending in 0743 to J.P. for
$1,500.00.  The memo line read, "Josh has a small PP."  It
appears BRIAN COSGROVE signed his wife's name on the check.

    B. On or about November 27, 2022, BRIAN COSGROVE wrote a
check payable to himself for $3,500 from N.D.'s Community Bank
account ending in 0743.  The memo portion states "shingles."  It

appears BRIAN COSGROVE signed his wife's name to the check, mistakenly using her maiden name, "Christen Davis."

C. On or about December 13, 2022, CHRISTEN LEE COSGROVE wrote a check payable to Edward Jones for $10,084 from N.D.'s Community Bank account ending in 0743.

D. On or about December 15, 2022, CHRISTEN LEE COSGROVE wrote a check payable to Bish RV for $64,000 from N.D.'s Community Bank account ending in 0743. On or about December 16, 2022, BRIAN COSGROVE used that check to purchase a 2014 Winnebago Chalet recreational vehicle from Bish RV in Bozeman, Montana.

E. On or about February 6, 2023, BRIAN COSGROVE wrote a check for $3,812 from N.D.'s Community Bank account ending in 0743 to purchase a camera, and signed CHRISTEN LEE COSGROVE's name to the check.

F. On or about February 25 and February 26, 2023, BRIAN COSGROVE wrote checks for $930 for rifle scopes and $2,974 for

archery equipment from N.D.'s Community Bank account ending in 0743.

G. On or about February 28, 2023, CHRISTEN LEE COSGROVE withdrew $182,355.16 from N.D.'s Community Bank account ending in 0530 to purchase a cashier's check made payable to Paramount Abstract for the purchase of real property.

H. On or about September 8, 2023, CHRISTEN LEE COSGROVE withdrew approximately $75,000 from N.D.'s Community Bank account ending in 0743 to purchase a cashier's check made payable to a law firm for legal fees unrelated to N.D. or her care.

22.    On or about January 3, 2023, Banker's Life and Casualty Company issued a check payable to N.D. as beneficiary for approximately $217,271.  CHRISTEN LEE COSGROVE deposited that check into Community Bank account 0743.

23.    On or about January 15, 2023, CHRISTEN LEE COSGROVE deposited a $37,431 check issued to N.D. into Community Bank account 0743.

24.    On or about March 30, 2023, CHRISTEN LEE COSGROVE used the Power of Attorney to sell N.D.'s residence, located on South Hollywood Boulevard in Hazle Township, to herself for $1.00.

25.    On or about October 25 and October 30, 2023, a representative from Providence Place sent correspondences to CHRISTEN LEE COSGROVE because CHRISTEN LEE COSGROVE failed to pay the monthly bill for N.D.'s care.

26.    CHRISTEN LEE COSGROVE responded to Providence Place on or about October 31, 2023, and indicated that "We have no extra money anymore," and requested help to pay the bill.

27.    On or about November 4, 2023, CHRISTEN LEE COSGROVE again informed Providence Place that her family did not have the money for N.D.'s care anymore.

28.    On or about November 7, 2023, Providence Place moved N.D. from a private room to a shared room to decrease the cost of her payments.

29.     From on or about November 20 through November 21, 2023, over $2,000 was spent at Kalahari Resort from Community Bank Account 0743.

30.     In November 2023, N.D. had a balance owed of $4,686 at Providence Place due to CHRISTEN LEE COSGROVE's failure to pay the bill.

31.     By December 2023, N.D. had a balance owed of $7,189.20 at Providence Place due to CHRISTEN LEE COSGROVE's failure to pay the bill and was going to be evicted from Providence Place.

32.     On or about December 12, 2023, Providence Place notified CHRISTEN LEE COSGROVE that they had found another facility for N.D. to reside because CHRISTEN LEE COSGROVE was not paying the bill at Providence Place.

33.     In response to Providence Place's requests for payment and information CHRISTEN LEE COSGROVE informed Providence Place that "We have nothing, I hate that it's gotten to this point and I'm sorry."

11

34.    In and around December 2023, N.D. had a balance owed of $9,551.70 at Providence Place due to CHRISTEN LEE COSGROVE's failure to pay the bill and faced eviction.

35.    In and around December 2023, CHRISTEN LEE CONSGROVE planned to sell the South Hollywood Boulevard residence, previously owned by N.D., and use the proceeds for the benefit of herself and BRIAN COSGROVE.

36.    Staff members at Providence Place donated toiletries to N.D. and money so she could get her hair cut due to CHRISTEN LEE COSGROVE's failure to provide money for the care and benefit of N.D.

37.    In total, the conspirators fraudulently obtained and spent approximately $1,070,663.24.


All in violation of Title 18, United States Code, Section 1349.

THE GRAND JURY FURTHER CHARGES:

## COUNTS 2 THROUGH 37
18 U.S.C. §§ 1344(2) and 2
(Bank Fraud)

38.    The factual allegations of paragraphs 1 through 37 are incorporated here.

39.    On or about the dates set forth below, in Luzerne County, within the Middle District of Pennsylvania and elsewhere, the defendants,

**CHRISTEN LEE COSGROVE AND BRIAN COSGROVE,**

aiding and abetting one another, knowingly executed a scheme and artifice to obtain the moneys, funds, credits, assets and other property owned by and under the custody and control of financial institutions whose deposits were insured by the FDIC, by means of material false and fraudulent pretenses, representations, and promises.

### The Execution of the Scheme

40.  For purposes of executing and attempting to execute the scheme, defendants, CHRISTEN LEE COSGROVE and BRIAN COSGROVE, aiding and abetting one another, withdrew, spent, and

13

transferred money that was intended to be for the care of N.D. for their own personal benefit, with each instance listed below being a separate count:

| Count | Approximate Date | Approximate Amount of Transaction | Bank Account |
|---|---|---|---|
| 2 | November 19, 2022 | $1,500 | Community Bank 0743 |
| 3 | November 21, 2022 | $9,000 | Community Bank 0743 |
| 4 | November 27, 2022 | $3,500 | Community Bank 0743 |
| 5 | November 30, 2022 | $3,700 | Community Bank 0743 |
| 6 | December 13, 2022 | $10,084 | Community Bank 0743 |
| 7 | December 15, 2022 | $64,000 | Community Bank 0743 |
| 8 | December 21, 2022 | $4,500 | Community Bank 0743 |
| 9 | December 28, 2022 | $3,000 | Community Bank 0743 |
| 10 | January 3, 2023 | $3,200 | Community Bank 0743 |
| 11 | January 12, 2023 | $2,513.40 | Community Bank 0743 |
| 12 | January 17, 2023 | $19,506 | Community Bank 0743 |
| 13 | January 22, 2023 | $10,000 | Community Bank 0743 |
| 14 | January 30, 2023 | $5,000 | Community Bank 0743 |

| 15 | February 3, 2023 | $2,000 | Community Bank 0743 |
| 16 | February 6, 2023 | $3,812 | Community Bank 0743 |
| 17 | February 13, 2023 | $5,000 | Community Bank 0743 |
| 18 | February 15, 2023 | $1,500 | Community Bank 0743 |
| 19 | February 15, 2023 | $1,500 | Community Bank 0743 |
| 20 | February 15, 2023 | $5,000 | Community Bank 0743 |
| 21 | February 18, 2023 | $5,800 | Community Bank 0743 |
| 22 | February 25, 2023 | $930 | Community Bank 0743 |
| 23 | February 26, 2023 | $2,974 | Community Bank 0743 |
| 24 | February 28, 2023 | $180,000 | Community Bank 0530 |
| 25 | March 8, 2023 | $9,500 | Community Bank 0743 |
| 26 | March 29, 2023 | $6,250 | Community Bank 0743 |
| 27 | March 31, 2023 | $1,200 | Community Bank 0743 |
| 28 | April 5, 2023 | $313.50 | Community Bank 0743 |
| 29 | April 6, 2023 | $4,500 | Community Bank 0743 |
| 30 | April 12, 2023 | $1,000 | Community Bank 0743 |
| 31 | May 5, 2023 | $820 | Community Bank 0743 |
| 32 | May 23, 2023 | $5,000 | Community Bank 0743 |

| 33 | June 15, 2023 | $3,350 | Community Bank 0743 |
| 34 | September 8, 2023 | $75,000 | Community Bank 0743 |
| 35 | October 2, 2023 | $1,200 | Community Bank 0743 |
| 36 | November 8, 2023 | $5,000 | Community Bank 0743 |
| 37 | January 10, 2024 | $833 | Community Bank 0743 |

All in violation of Title 18, United States Code, Sections 1344 and 2.

THE GRAND JUY FURTHER CHARGES:

## COUNTS 38 THROUGH 48
18 U.S.C. § 1343
(Wire Fraud)

41.     The factual allegations of paragraphs 1 through 40 are incorporated here.

42.     On or about the dates set forth below, in Luzerne County, within the Middle District of Pennsylvania and elsewhere, the defendants,

**CHRISTEN LEE COSGROVE AND BRIAN COSGROVE,**

aiding and abetting one another, devised and intended to devise a scheme to defraud, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises.

## Manner and Means

43.     As detailed above, the goal of the scheme and artifice to defraud was for defendant CHRISTEN LEE COSGROVE to obtain control over all of N.D.'s assets and all assets associated with the Estate of D.S.D. by fraudulently representing that CHRISTEN LEE COSGROVE would act

17

in the best interests of N.D., in order to use said assets for the personal
benefit of herself and BRIAN COSGROVE and to fund the personal
expenses of herself and BRIAN COSGROVE.

44.   In or about October 2022, CHRISTEN LEE COSGROVE obtained
a General Durable Power of Attorney for N.D. by agreeing to act in
N.D.'s best interest, act in good faith, and act only within the scope of
authority granted to her by N.D. in the power of attorney.

45.   Also, in or about October 2022, N.D., as primary beneficiary,
inherited from her son, D.S.D., funds in accounts held by Edward Jones,
a financial institution headquartered in Missouri.  N.D., relying on
representations made by CHRISTEN LEE COSGROVE that she would
act in the best interests of N.D., relinquished control of the Edward
Jones accounts to CHRISTEN LEE COSGROVE.

46.   In or about November 2022, CHRISTEN LEE COSGROVE
represented to Providence Place that N.D. had inherited money from
D.S.D. that would be used to pay for N.D.'s care at the facility, and that
any additional expenses would be paid for by CHRISTEN LEE
COSGROVE and family.

47.   Instead, in the execution of this scheme, CHRISTEN LEE
COSGROVE and BRIAN COSGROVE, aiding and abetting one another,
while located in Pennsylvania and elsewhere, sent and caused to be
sent interstate wire transmissions via an email account provided by
Google, a company located in California, to recipients at Edward Jones,
a financial institution headquartered in Missouri, for the purposes of
initiating wire transfers of funds to be spent by CHRISTEN LEE
COSGROVE AND BRIAN COSGROVE for their own personal benefit.

48.   In response to the defendants' instructions, Edward Jones would
transfer funds to an account controlled by the defendants at Community
Bank, headquartered in New York.  Ultimately, the funds were
withdrawn by CHRISTEN LEE COSGROVE and BRIAN COSGROVE
in Pennsylvania and elsewhere or otherwise spent by the defendants for
their own personal benefit.

49.    On or about each of the dates set forth below, in Hazelton, Luzerne County, within the Middle District of Pennsylvania, and elsewhere, defendants

**CHRISTEN LEE COSGROVE AND BRIAN COSGROVE,**

aiding and abetting one another, for the purpose of executing the scheme described above, caused to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Approximate Date | Description of Wire and Approximate Dollar Amount |
|---|---|---|
| 38 | June 5, 2023 | Transfer of $40,000 from Edward Jones in Missouri to Community Bank in New York |
| 39 | July 24, 2023 | Transfer of $25,000 from Edward Jones in Missouri to Community Bank in New York |
| 40 | August 31, 2023 | Transfer of $46,000 from Edward Jones in Missouri to Community Bank in New York |
| 41 | September 5, 2023 | Transfer of $54,000 from Edward Jones in Missouri to Community Bank in New York |
| 42 | September 7, 2023 | Transfer of $23,000 from Edward Jones in Missouri to Community Bank in New York |
| 43 | October 20, 2023 | Transfer of $15,000 from Edward Jones in Missouri to Community Bank in New York |
| 44 | November 3, 2023 | Transfer of $15,000 from Edward Jones in Missouri to Community Bank in New York |

| 45 | November 16, 2023 | Transfer of $20,000 from Edward Jones in Missouri to Community Bank in New York |
| 46 | November 27, 2023 | Transfer of $35,000 from Edward Jones in Missouri to Community Bank in New York |
| 47 | December 15, 2023 | Transfer of $20,000 from Edward Jones in Missouri to Community Bank in New York |
| 48 | January 25, 2024 | Transfer of $20,000 from Edward Jones in Missouri to Community Bank in New York |

All in violation of Title 18, United States Code, Sections 1343 and 2.

THE GRAND JUY FURTHER CHARGES:

## COUNTS 49 THROUGH 59
### 18 U.S.C. § 1957
### (Unlawful Monetary Transactions)

50.     The factual allegations of paragraphs 1 through 49 are incorporated herein.

51.     On or about the dates set forth below, in Luzerne County, within the Middle District of Pennsylvania and elsewhere, the defendants,

**CHRISTEN LEE COSGROVE AND BRIAN COSGROVE,**

aiding and abetting one another, knowingly engaged in the following monetary transactions, by, through, and to a financial institution, affecting interstate commerce, in criminally derived property of a value greater than $10,000, that is the deposit, withdrawal, transfer, and exchange of U.S. currency and funds, such property having been derived from a specified unlawful activity, namely, bank fraud, in violation of Title 18, United States Code, Section 1344, and wire fraud, in violation of Title 18 United States Code, Section 1343, with each transaction set forth below a sperate count:

| Count | Approximate Date | Monetary Transaction |
|---|---|---|
| 49 | December 12, 2022 | $175,000 moved from Community Bank account ending in 0743 to Community Bank account ending in 0530. |
| 50 | December 13, 2022 | $10,084 check from Community Bank account ending in 0743 to Edward Jones. |
| 51 | December 15, 2022 | $64,000 check from Community Bank account ending in 0743 to Bish RV. |
| 52 | January 4, 2022 | $200,000 moved from Community Bank account ending in 0743 to Community Bank account ending in 0530. |
| 53 | January 17, 2023 | $25,000 moved from Community Bank account ending in 0530 to Community Bank account ending in 0743. |
| 54 | February 28, 2023 | $182,355.16 withdrawn from Community Bank account ending in 0530 to purchase a cashier's check made payable to Paramount Abstract. |
| 55 | March 1, 2023 | $15,000 moved from Community Bank account ending in 0530 to Community Bank account ending in 0743. |
| 56 | March 9, 2023 | $15,000 moved from Community Bank account ending in 0530 to Community Bank account ending in 0743. |
| 57 | April 19, 2023 | $19,972.83 withdrawal from Community Bank account ending in 0530. |
| 58 | June 22, 2023 | $14,000 moved from Community Bank account ending in 0743 to Community Bank account ending in 5076. |
| 59 | July 31, 2023 | $10,800 moved from Community Bank account ending in 0530 to Community Bank account ending in 0767. |

All in violation of Title 18, United States Code, Sections 1957 and 2.

## FORFEITURE ALLEGATION

1.    The allegations contained in Counts 1 through 48 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461, and Title 18, United States Code, Section 982.

2.    Upon conviction of the offenses in violation of Title 18, United States Code, Sections 1349, 1344, and 1343, the defendants,

**CHRISTEN LEE COSGROVE AND BRIAN COSGROVE,**

shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982, any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, and any property, real or personal, involved in such offenses, or any property traceable to such property, including but not limited to:

    a. Real property located at 2240 Quakake Road in Packer Township, Weatherly, Pennsylvania 18255; and

24

      b.  Approximately $1,070,663.24 in U.S. currency, that the defendant obtained, retained, and then dissipated as a result of the criminal offenses.

3.    If any of the property described above, as a result of any act or omission of the defendant:

      a.  cannot be located upon the exercise of due diligence;

      b.  has been transferred or sold to, or deposited with, a third gparty;

      c.  has been placed beyond the jurisdiction of the court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Title 18, United States Code, Section 982.

A TRUE BILL

JOHN C. GURGANUS
Acting United States Attorney

FOREPERSON

*Jenny P. Roberts*
JENNY P. ROBERTS
Assistant United States Attorney

*July 7, 2025*
Date

26